# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:18-cr-00205 |
| VICTOR LOPEZ-LLAMAS (10) | § § | Judge Mazzant |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Victor Lopez-Llamas' Motion to Dismiss the Convictions (Dkt. #339), which the Court construes as a motion for acquittal. Having considered the motion and the relevant pleadings, the Court finds the motion should be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

Defendant Victor Lopez-Llamas ("Lopez-Llamas") was tried and convicted by a jury of "Count One of the Indictment, Conspiracy to Distribute and Possess with Intent to Manufacture and Distribute Methamphetamine"; and "Count Two of the Indictment, Conspiracy to Distribute and Possess with Intent to Distribute Cocaine." The jury rendered this verdict on October 7, 2021 (Dkt. #305).

On March 3, 2022, probation officers privy to this case brought to the Court's attention two errors in the Verdict of the Jury (Dkt. #305).[1] First, both counts reference to the "Indictment." Lopez-Llamas was not indicted in this document. Rather, he was named only in the "First Superseding Indictment." Second, Lopez-Llamas was not named as a defendant in Count One of either the Indictment or the First Superseding Indictment. Accordingly, Defendant Lopez-Llamas was tried and convicted of a crime for which he was never indicted by a grand jury—that is,

---

[1] The probation officers who uncovered these errors also raised the issues with the Government and defense attorneys in this case.

Conspiracy to Distribute and Possess with Intent to Manufacture and Distribute Methamphetamine under 21 U.S.C § 846.

No one noticed these errors until March 2022—not the prosecutors, not the defense, not the Court. Indeed, the Government submitted proposed jury instructions that included the charge for Count One of the First Superseding Indictment, and the defense did not object to such instructions at any point. At trial, the Government put on evidence that supported the jury's verdict as to Count One, including the methamphetamine seized from one of the drug busts in this conspiracy. For four days at trial, the defense made no objections to such evidence.

Further, the Court provided counsel for both parties a copy of the Final Jury Instructions and the Verdict of the Jury and held a charge conference to discuss any proposed changes or objections. Neither party objected to the language in the Verdict of the Jury referring to the "Indictment." The Court audibly charged to the jury: "Count One of the First Superseding Indictment charges the defendant with a violation of 21 U.S.C. § 846, Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine" and "Count Two of the First Superseding Indictment charges the defendant with a violation of 21 U.S.C. § 846, Conspiracy to Possess with the Intent to Distribute Cocaine." The physical copy of the Jury Instructions included this exact language (Dkt. #300). Accordingly, only the Verdict of the Jury itself improperly referred to the "Indictment" (Dkt. #305).

On May 12, 2022, the Court ordered briefing from the parties regarding both errors in the Verdict of the Jury (Dkt. #336). On May 20, 2022, the Defendant filed the present motion to dismiss (Dkt. #339), and on June 6, 2022, the Government responded (Dkt. #342).

**LEGAL STANDARD**

A defendant can only be convicted of a charge for which he was indicted. *Cole v. Arkansas*, 333 U.S. 196 (1948). Put differently, "[a] person cannot be convicted of an offense (other than a necessarily included offense) not charged against him by indictment or information." *Tarpley v. Estelle*, 703 F.2d 157, 161 (5th Cir. 1983). A conviction that does not rest upon a proper indictment cannot stand, as it deprives the defendant of his Fifth Amendment due process rights. *Eaton v. Tulsa*, 415 U.S. 697, 699 (1974).

When a jury charge allows the jury "to convict on an alternative basis permitted by the statute but not charged in the indictment," there has been an unconstitutional constructive amendment to the indictment. *United States v. Broadnax*, 601 F.3d 336, 340 (5th Cir. 2010) (quoting *United States v. Daniels*, 252 F.3d 411, 414 (5th Cir. 2001)). A constructive amendment is a variance between the indictment and the jury instruction so great, it effectively "destroy[s] the defendant's substantial right to be tried only on charges presented in an indictment returned by the grand jury." *United States v. Nunez*, 180 F.3d 227, 231 (5th Cir. 1999) (quoting *Stirone v. United States*, 361 U.S. 212, 217 (1960) (internal quotation marks omitted)); *see also United States v. Corrales-Quintero,* 171 F. App'x 33, 35 (9th Cir. 2006) ("A constructive amendment occurs when the charge the jury considers is so altered as to charge a different offense from that found in the indictment.") (citing *United States v. Miller,* 471 U.S. 130, 144–45 (1985)). "Where this occurs, a finding of prejudice is not necessary to establish a constitutional violation." *United States v. Thompson*, 647 F.3d 180, 184 (5th Cir. 2011) (citing *United States v. Chambers*, 408 F.3d 237, 241 (5th Cir. 2005) (noting that constructive amendments of the indictment "are reversible per se")). In determining whether an unconstitutional constructive amendment has occurred, "the key

3

inquiry is whether the jury charge broadened the indictment." *United States v. Griffin*, 800 F.3d 198, 202 (5th Cir. 2015).

Relatedly, when a district court makes changes to a verdict after it is entered, the alteration is considered a correction to clerical error when it does not constructively amend the indictment. The court retains jurisdiction to correct a clerical error "at any time" under Federal Rule of Criminal Procedure 36.[2] A clerical error is more procedural in nature, whereas a constructive amendment alters the substance of the charge's elements. *Nunez*, 180 F.3d at 231.

## ANALYSIS

Lopez-Llamas asks this Court to set aside both his conviction of Conspiracy to Distribute and Possess with Intent to Manufacture and Distribute Methamphetamine and of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine. In support of this request, he urges that his conviction under Count One is unconstitutional because the inclusion of this Count was a constructive amendment to the indictment. Specifically, it allowed the jury to convict Lopez-Llamas on a basis permitted by statute but not charged in the First Superseding Indictment. Lopez-Llamas further argues that his conviction under Count Two must also be set aside if the jury was provided the incorrect indictment for its deliberations—that is, "[i]f the 'First Superseding Indictment' was not provided to the jury, then the jury charge becomes an impermissible constructive amendment because it does not relay to the jury what conspiracy the grand jury indicted Lopez-Llamas upon" (Dkt. #339 at p. 5).

The Government agrees with Lopez-Llamas as to Count One. Indeed, the Government contends that "[b]ecause Lopez-Llamas was not named in Count One, [he] cannot stand convicted

---

[2] In its entirety, Rule 36 states "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM PROC. 36.

of the methamphetamine-conspiracy offense charged in that count" (Dkt. #342 at p. 5). However, as per Count Two, the Government responds that "the use of the term 'Indictment' rather than 'First Superseding Indictment' . . . was a clerical error that can be corrected by the Court under Fed. R. Crim. P. 36" (Dkt. #342 at p. 7).

The Court agrees with the parties that the conviction under Count One must be set aside. As mentioned, "[a] person cannot be convicted of an offense (other than a necessarily included offense) not charged against him by indictment or information." *Tarpley*, 703 F.2d at 161. Lopez-Llamas was not charged in the First Superseding Indictment for Conspiracy to Distribute and Possess with Intent to Manufacture and Distribute Methamphetamine. A conviction against him for this crime is, therefore, unconstitutional. For these reasons, the Court will treat Lopez-Llamas' request for dismissal as a request for a judgment of acquittal and vacate Defendant's conviction under this count. Given this acquittal, the Court must also "conditionally determine whether any motion for a new trial should be granted . . . [and] specify the reasons for that determination." FED. R. CRIM. P. 29(d)(1). Lopez-Llamas cannot be made to stand trial on a charge for which he was never indicted by the grand jury. Accordingly, the Court will not grant a new trial in this case.

As for Count Two, the Court finds that the Verdict of the Jury's improper reference to the "Indictment" is a clerical error that the Court retains jurisdiction to correct "at any time" under Rule 36. First, it is the Court's procedure to provide the jury with the most recent indictment for the members to reference during deliberations. The Court has no reason to believe it departed from this longstanding procedure in this trial—particularly because the First Superseding Indictment is the only indictment that appears in the Court's docket for Defendant Lopez-Llamas. The original Indictment can only be found in the dockets for Lopez-Llamas' co-conspirators, who were charged

prior to Lopez-Llamas and pleaded guilty prior to trial. The original Indictment appears nowhere in the Court's docket for Lopez-Llamas.

Second, even if the jury did not receive the First Superseding Indictment, the Verdict of the Jury's improper reference to the "Indictment" is a clerical error because the misnomer did not alter the substance of what the jury was required to find in rendering its verdict. In *United States v. Cotton*, the Fifth Circuit reviewed a correction to a jury verdict that the district court had made when the district court realized that "[t]he jury verdict[] reference[d] to the counts as numbered in the redacted superseding indictment instead of as numbered in the superseding indictment." 392 F. App'x 283, 285 (5th Cir. 2010). Reviewing the change de novo, the Fifth Circuit looked at the substance of what the jury actually had to consider and find in reaching its verdict. The Fifth Circuit reasoned that:

> the jury verdict ma[de] clear that while the redacted superseding indictment may have changed the number of the count for the [continuing criminal enterprise] charge, the jury found [defendant] guilty of engaging in a [continuing criminal enterprise]. Thus, there is no indication that there was an improper amendment of the superseding indictment.

*Id.*

In Lopez-Llamas' case, the jury found him guilty of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, which is what the grand jury charged him with in the First Superseding Indictment. It is immaterial that the Verdict refers to the "Indictment" rather than the "First Superseding Indictment" because the jury found Defendant substantively guilty of the specific crime for which he was actually charged. Indeed, even the Jury Instructions that the Court read verbally and physically produced for each juror referred to the "First Superseding Indictment" and properly delineated the elements for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine (Dkt. #300). The improper reference to the "Indictment" in the Verdict did not

6

"expos[e] the defendant to criminal charges not made in the indictment against him" *United States v. Diaz*, 190 F.3d 1247, 1251 (11th Cir. 1999) (citing *United States v. Keller*, 916 F.2d 628, 633 (11th Cir. 1990), *cert. denied*, 499 U.S. 978 (1991)). Accordingly, this Court may change the clerical error in the Verdict of the Jury to read "First Superseding Indictment" instead of "Indictment" at any time. FED. R. CRIM. PROC. 36.

## CONCLUSION

It is therefore **ORDERED** that Defendant Lopez-Llamas' Motion to Dismiss the Convictions (Dkt. #339), which the Court construes as a motion for acquittal, is **GRANTED in part** and **DENIED in part.**

It is further **ORDERED** that Defendant Lopez-Llamas is acquitted of the jury's conviction against him on Count One: Conspiracy to Distribute and Possess with Intent to Manufacture and Distribute Methamphetamine. The conviction under Count One of the First Superseding Indictment is, hereby, **VACATED**.

It is further **ORDERED** that the Court will not grant a new trial against Defendant Lopez-Llamas as to Count One of the First Superseding Indictment.

It is further **ORDERED** that Defendant Lopez-Llamas' conviction under Count Two stands as entered.

It is further **ORDERED** that the clerical errors in the Verdict of the Jury (Dkt. #305) be corrected to reference the proper indictment. Accordingly, the Clerk's Office shall notate on the text entry of the Verdict of the Jury (Dkt. #305) that the references to the "Indictment" on pages four (4), five (5), and six (6) of the Verdict of the Jury indicate a reference to the "First Superseding Indictment."

**IT IS SO ORDERED**.

**SIGNED this 13th day of July, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE